REVISED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2022

Lyle W. Cayce
Clerk

No. 20-11032

CONTINENTAL AUTOMOTIVE SYSTEMS, INCORPORATED, *a Delaware corporation*,

*Plaintiff—Appellant*,

*versus*

AVANCI, L.L.C., *a Delaware corporation*; AVANCI PLATFORM INTERNATIONAL LIMITED, *an Irish company*; NOKIA CORPORATION, *a Finnish corporation*; NOKIA OF AMERICA CORPORATION, *a Delaware corporation*; NOKIA SOLUTIONS AND NETWORKS U.S., L.L.C., *a Delaware corporation*; NOKIA SOLUTIONS AND NETWORKS OY, *a Finnish corporation*; NOKIA TECHNOLOGIES OY, *a Finnish corporation*; OPTIS UP HOLDINGS, L.L.C., *a Delaware corporation*; OPTIS CELLULAR TECHNOLOGY, L.L.C., *a Delaware corporation*; OPTIS WIRELESS TECHNOLOGY, L.L.C., *a Delaware corporation*; SHARP CORPORATION, *a Japanese corporation*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2933

ON PETITION FOR REHEARING

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Auto-parts supplier Continental Automotive Systems, Inc. ("Continental") sued several standard-essential patent ("SEP") holders ("Patent-Holder Defendants") and their licensing agent Avanci,[1] seeking declaratory and injunctive relief. Before the district court, Continental asserted that Patent-Holder Defendants and Avanci's refusals to license SEPs to the supplier on fair, reasonable, and nondiscriminatory ("FRAND") terms violated Sections 1 and 2 of the Sherman Antitrust Act of 1890 ("the Sherman Act"), as well as associated state law. The district court dismissed Continental's claims at the pleading stage, and Continental appealed.

Section 1 of the Sherman Act prohibits every "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. Continental alleges that Patent-Holder Defendants and Avanci conspired to license exclusively down the chain to original-equipment manufacturers based on their underlying patent pool licensing agreement, and that Continental's inability to obtain FRAND licenses through the pool from Avanci and outside of the pool from individual Patent-Holder Defendants demonstrates that the agreement has unreasonably restrained trade.

Section 2 of the Sherman Act makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize." 15 U.S.C. § 2. Continental alleges that Patent-Holder Defendants deceived standard-setting organizations into adopting

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Patent-Holder Defendants are certain Nokia Corporation entities, PanOptis Equity Holdings entities, and Sharp Corporation. Avanci collectively refers to Avanci, LLC and Avanci Platform International Limited, both of which are parties to this lawsuit.

No. 20-11032

technical standards reliant on their SEPs by promising to license those patents on FRAND terms and reneged on this promise, and that Patent-Holder Defendants and Avanci abused monopoly power thereby acquired in the standardization process to exclude certain implementers and extract supra-competitive royalty rates.

Having reviewed the district court's detailed order, and considered the oral arguments and briefs filed by the parties and amicus curiae, we AFFIRM the judgment of the district court that Continental failed to state claims under Sections 1 and 2 of the Sherman Act. *See Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 485 F. Supp. 3d 712 (N.D. Tex. 2020).